316 P.2d 1108

**STATE of Arizona, Appellant,**

**v.**

**Harvey L. DREW and Ruth K. Drew, his wife, and Philip E. von Ammon and Barbara von Ammon, his wife, Appellees.**

No. 6388.

Supreme Court of Arizona.

Oct. 29, 1957.

Robert Morrison, Atty. Gen., and Herbert B. Finn, Sp. Asst. to Atty. Gen., for appellant.

Botsford & Turner, Scottsdale, for appellees.

WINDES, Justice.

Harvey L. Drew and wife and Philip E. von Ammon and wife filed suit against the State of Arizona to quiet their respective titles to the following described real property:

"Tracts Eleven (11) and Twelve (12), Squaw Peak Estates, according to the Plat of Record in the office of the County Recorder of Maricopa County, Arizona, in Book 38 of Maps, page 30 thereof."

"Tract Five (5), Squaw Peak Estates, according to the Plat of Record in the office of the County Recorder of Maricopa County, Arizona, in Book 38 of Maps, page 30 thereof."

The undisputed facts are that the foregoing properties are a part of Section 32, Twp. 3 N., Range 4 E., granted to the State of Arizona by the Enabling Act, section 24, A.R.S. This property was pursuant to statutory provisions sold and conveyed to the Arizona Title Guarantee and Trust Company as trustee on December 31, 1945. The notice of sale and the patent stated that all gas, oil, minerals and mineral rights were reserved to the State of Arizona. The trial court ruled that this reservation was void and rendered summary judgment for the plaintiffs. Defendant appeals.

This court has heretofore held that under the provisions of our statutes in effect when the sale herein was made, granting power to sell state lands granted under section 24 of the Enabling Act, such a reservation is void and of no effect for the reason that to give it validity, the statute giving the state land department the power to sell must authorize such reservation and that our statutes properly construed did not so authorize. Campbell v. Flying V Cattle Co., 25 Ariz. 577, 220 P. 417.

The state suggests that this case is not controlled by the rule in the Campbell case for the reason that therein the notice of sale did not recite that such reservation would be made. The Campbell case in principle held that whether the purchaser knew the patent was to contain such a reservation was immaterial since the law did not authorize the state to impose such a condition in making the sale.

It seems that the state land department adopted a rule giving the state land commissioner the right to make such reservations. This rule means nothing. The department cannot pass legislation to dissipate the effect of established law.

Judgment affirmed.

UDALL, C. J., and STRUCKMEYER and JOHNSON, JJ., concur.

PHELPS, Justice (dissenting).

It is my position that when the State of Arizona became the owner in fee of the land involved under a grant from the Federal Government, in the exercise of the powers of sovereignty it may convey such land to a purchaser with or without reservations in the absence of constitutional or legislative restrictions prohibiting such reservations.

It is true that the legislature is in the exercise of the sovereign powers of the state in enacting any legislation its discretion may dictate within the scope of civil government not expressly or inferentially prohibited by the State or Federal constitution, Roberts v. Spray, 71 Ariz. 60, 223 P.2d 808. Yet, it is extremely doubtful in my mind if it has the power to prohibit the state (even if it had desired to do so) from reserving the gas, oil and mineral rights to land, upon the sale thereof which it owned in fee. Especially does this seem reasonable to me when such legislation relates not to its civil government but to its property rights.

Certainly the legislature had the power to set up a procedure by which the sale of land owned by the state may be accomplished and by whom it may be sold, as well as upon what conditions the sale may be made; also, when and under what conditions patents thereto may issue. This was done under the provisions of the State Land Code enacted in 1915 and as amended now appears as A.R.S. §§ 37–231 to 37–255 inclusive. This law was enacted primarily for the protection of the state in the administration and sale of said land and not for the benefit of purchaser. I am fully aware of the holding of this Court in Campbell v. Flying V Cattle Co., 25 Ariz. 577, 220 P. 417, but believe it to be unsound.

The legislature at no time incorporated into the land code any restrictions upon the state in the conveyance of such lands. It follows that in the absence of either constitutional or legislative restrictions prohibiting it from reserving the gas, oil and mineral rights in the sale of land owned by it in fee, it had the absolute right to incorporate such reservations in the contract of sale and in the patent thereto.

The power of sovereignty is absolute except as limited by its constitution or the Constitution of the United States. There is no contention here that the Enabling Act granted to the state less than a fee simple title. No legislation was required to invest the state with the power to reserve such gas, oil and mineral rights located thereunder. Its exercise is a prerogative of sovereignty.

The judgment should be reversed.